1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Alfonso Araiza,                    )    No. CIV 08-0644-PHX-ROS (DKD)
                                        )
10               Petitioner,            )
                                        )    **REPORT AND RECOMMENDATION**
11   vs.                                )
                                        )
12   Katrina Kane,                      )
                                        )
13               Respondent.            )
                                        )
14   _____)

15   TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

16          Alfonso Araiza filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

17   on April 2, 2008, alleging that Respondent Katrina Kane is holding him unlawfully following

18   a final determination by immigration officials that he is to be removed to Mexico.  Araiza

19   requests that the Court order the Department of Homeland Security (the Department) to

20   immediately grant him supervised release, or in the alternative, that he be afforded a bond

21   hearing.  Araiza was provided a bond hearing on September 19, 2008.  Kane argues that

22   because he has received the relief he sought in his petition, that his petition is now moot.  The

23   Court agrees and recommends that the petition be denied.

24          Araiza is a native and citizen of Mexico who adjusted his status to that of a lawful

25   permanent resident in 1989 (Doc. #8, Exh 1, 2).  On June 2, 1997, he was convicted in

26   California Superior Court of Annoying or Molesting a Child under 18 in violation of section

27   647.6 of the California Penal Code, and sentenced to one year in jail (*Id*., Exh 3).  On March

28   29, 2006, he was convicted of Unlawful Sexual Intercourse with a Minor, in violation of

     section 261.5 of the California Penal Code, and sentenced to six months in jail (*Id*., Exh 4).

On April 10, 2006, the Department of Homeland Security issued a Notice to Appear, charging Araiza with removability for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct (*Id*., Exh 5).  On August 10, 2006, an additional charge of removability was added for the conviction of an aggravated felony (*Id*., Exh 6).  On September 19, 2006, following an initial bond hearing, the immigration judge found Araiza subject to mandatory detention and denied his request for a bond redetermination, citing a lack of jurisdiction (*Id*., Exh 7).

On October 12, 2006, Araiza denied both charges of removability and the immigration judge set the matter for a contested hearing.  On October 24, 2006, Araiza submitted an exhibit; on November 13, the Department filed conviction documents and a criminal history, with a motion to accept late filing (*Id*., Exh 8).  On November 16, 2006, the immigration judge denied the motion for late filing, and terminated proceedings with prejudice (*Id*., Exh 9).  The Department appealed, and the Bureau of Immigration Appeals sustained its appeal and remanded the case to the immigration judge for further removal proceedings (*Id*., Exh 13).  On April 16, 2007, Araiza, through counsel, moved for a subsequent bond determination, and included in his motion information that he was appealing one of his underlying convictions, and moved to terminate the proceedings (*Id*., Exh 14, 15).  The immigration judge denied Araiza's motion, again citing a lack of jurisdiction (*Id.*, Exh 16-18).  On May 18, 2007, the immigration judge sustained the charges of removability and ordered Araiza removed to Mexico; the BIA dismissed his appeal (*Id*., Exh 19, 20, 24).

On October 12, 2007, Araiza petitioned for review and requested a stay of removal with the Ninth Circuit Court of Appeals; on January 4, 2008, the government sought summary affirmance and opposed the stay request (*Id*., Exh 25).  On October 25, 2007, the Department served Araiza with a Notice of Custody Review (*Id*., Exh 27).  On January 10, 2008, the Department notified Araiza of its decision to continue his detention (*Id*., Exh 28).  On May 13, 2008, the Ninth Circuit granted Araiza a stay of removal (Doc. #14, Exh 29).  Respondent Kane, through counsel, notified Araiza of the recent decisions in *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) and *Casas-Castrillon v. Dept. of Homeland Security*,

535 F.3d 942 (9th Cir. 2008), and of Araiza's right to request a bond hearing, with information on how to make such a request. *See* Doc. #13.  Araiza requested a bond hearing before an immigration judge; on September 19, 2008, the immigration judge conducted the hearing and ordered Araiza held in custody without bond, finding him to be a danger based on "the severity of his criminal history and a flight risk "(Doc. #15, Exh 30, 31).

**IT IS THEREFORE RECOMMENDED** that Alfonso Araiza's Petition for Writ of Habeas Corpus be **denied as moot** (Doc. #1).

**IT IS FURTHER ORDERED** denying Respondent Kane's Motion for Extension of Time to Hold Proceedings in Abeyance (Doc. #13).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of January, 2009.

_____
David K. Duncan
United States Magistrate Judge